UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDIA LATRICE LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>PROFINITY LLC d/b/a MY RENT TO OWN,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO: 1:17-cv-00511<br><br>DEMAND FOR JURY TRIAL |

### FIRST AMENDED COMPLAINT

NOW comes INDIA LATRICE LAWSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PROFINITY LLC d/b/a MY RENT TO OWN ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 43 year old person residing at 14616 State Street, Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a sales promotion limited liability company with its headquarters located at 7491 North Federal Highway, Suite C-5, #307, Boca Raton, Florida 33487. Defendant offers its services to consumers across the country, including in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In late 2016, Plaintiff was looking for rent-to-own properties and conducted an online search.

10. In January 2017, Plaintiff began receiving calls from Defendant to her cellular phone, (773) XXX-9219.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 9219. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Defendant has used the following phone numbers to place calls to Plaintiff's cellular phone: (602) 831-0145, (860) 333-6411, and (252) 301-3396.

13. Upon information and belief, the aforementioned phone numbers are regularly used by Defendant to contact consumers during its solicitation activities.

14. When Plaintiff answers calls from Defendant, she is typically greeted with a pre-recorded message asking her to hold until a representative gets on the phone.

15. On other calls from Defendant, Plaintiff experiences a several second pause, approximately three to five seconds in length, before speaking with a live representative.

16. After no longer being interested in using Defendant's services, Plaintiff told it to stop calling her.

17. Despite her requests, Defendant has continued to systematically call Plaintiff's cellular up until the present day.

18. Defendant calls Plaintiff's cellular phone multiple times during the same day, even after being told that she is not interested and to stop calling her.

19. Plaintiff has received a number of calls from Defendant since asking it to stop calling.

20. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $44.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

22. Plaintiff has suffered financial loss as a result of Defendant's actions.

23. Plaintiff has been unfairly harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The recorded message that Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS is being used. Similarly, the several second pause that Plaintiff experiences before being connected to a live representative is also indicative of an ATDS. Lastly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

28. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS after Plaintiff revoked consent. Even if Plaintiff *may* have consented to receive solicitation calls from Defendant through means of an ATDS, such permission was explicitly rescinded by her demands to cease contact.

29. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Plaintiff has been subjected to a harassing solicitation campaign by Defendant.  Despite being told to stop calling, Defendant has been undeterred in its illegal behavior.

WHEREFORE, Plaintiff, INDIA LATRICE LAWSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

31.  Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

33. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

34. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

35. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Defendant ignored Plaintiff's demand to stop calling and continued to contact her, systematically calling her multiple times a day using different phone numbers. Following its characteristic behavior in placing voluminous calls to consumers using various phone numbers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to use Defendant's services.

36. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that she does not wish to be contacted.

37. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

38. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

6

39. As pled in paragraphs 19 through 24, Plaintiff has suffered actual damages, including costs associated with purchasing and maintaining a blocking application, as a result of Defendant's unlawful solicitation practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff demanded that it stop contacting her, but yet, she was still bombarded with solicitation phone calls from Defendant. In an unfair and deceptive manner, Defendant used various phone numbers to trick Plaintiff into answering its calls. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

40. WHEREFORE, Plaintiff, INDIA LATRICE LAWSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 10, 2017                Respectfully submitted,

                                                                 s/ Nathan C. Volheim
                                                                  Nathan C. Volheim, Esq. #6302103
                                                                  Admitted in the Northern District of Illinois
                                                                  Sulaiman Law Group, Ltd.
                                                                  900 Jorie Boulevard, Suite 150
                                                                  Oak Brook, Illinois 60523
                                                                  (630) 575-8181 x113 (phone)
                                                                  (630) 575-8188 (fax)
                                                                  nvolheim@sulaimanlaw.com